# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

Oxford Division

RECEIVED
SEP 08 2025
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| Ehiremen Bennard Eriakha | ) | Case No. 3:25-cv-00250 |
| *Plaintiff(s)* | ) | |
| -v- | ) | |
| | ) | |
| University of Mississippi; Dr. Yi Yang; Dr. Marie Barnard; Dr. Annette Kluck; Dr. Yinan Huang | ) ) | |
| | ) | |
| *Defendant(s)* | | |

## URGENT AND NECESSITOUS MOTION FOR TEMPORARY RESTRAINING ORDER

1

1. Pursuant to Fed. R. Civ. P. 65(b) and L.U. Civ. R. 7, Plaintiff respectfully moves this Court for a Temporary Restraining Order ("TRO") to prevent immediate and irreparable harm prior to a full hearing on his motion for preliminary injunction.

2. Plaintiff is an international Ph.D. student who has maintained a flawless academic record since entering the program in 2023, including a 4.0 GPA, national conference presentations, and multiple academic honors. No academic deficiencies have ever been documented.

3. On July 19, 2024, Plaintiff executed a signed Mentor–Mentee Agreement guaranteeing one-on-one developmental mentorship. The Department approved this Agreement, creating binding obligations and settled expectations for Plaintiff's doctoral training.

4. On June 13, 2025, Defendants unilaterally dismantled this Agreement, imposing involuntary "co-mentorship" and surveillance of Plaintiff's research meetings despite his multiple written objections. All other students retained single mentors, confirming selective targeting.

5. On June 30, 2025, Defendants issued a memorandum falsely alleging "failure" to submit the Abilities Transcript (AT)—a non-disciplinary developmental tool—and threatened to downgrade Plaintiff to provisional status. This misuse of the AT as a sanction was a radical and unprecedented departure from established policy.

6. On July 9, 2025, Plaintiff submitted a detailed rebuttal letter contesting the memorandum as retaliatory, inaccurate, and procedurally defective. The University ignored the submission, stonewalling and depriving Plaintiff of a meaningful opportunity to be heard.

7. On August 21–22, 2025, Defendants downgraded Plaintiff to provisional status. Hours later, Defendants invoked the very downgrade they had just imposed to declare him ineligible for Graduate Research Assistantship reappointment.

8. This circular maneuver conditioned Plaintiff's stipend, tuition remission, and health insurance on surrender of his constitutional rights—violating the unconstitutional conditions doctrine.

9. The chronology, shifting justifications, comparator evidence, and retaliation-by-association with Plaintiff's twin brother establish a substantial likelihood of success on claims under the First Amendment (retaliation and association), the Equal Protection Clause, and the Due Process Clause.

10. Absent immediate relief, Plaintiff faces irreparable harm, including:

    a. imminent loss of stipend, tuition remission, and health insurance;

    b. jeopardy to his lawful F-1 visa status and continued presence in the United States;

    c. constructive expulsion and disruption of doctoral progress; and

    d. denial of meaningful access to this Court.

11. These harms are currently ongoing and cannot be remedied by monetary damages. Without emergency intervention, Plaintiff will be forced out of lawful enrollment and may lose standing to continue this action.

12. Plaintiff has filed an Urgent and Necessitous Motion for Preliminary Injunction, supported by a detailed memorandum of law and exhibits. A Temporary Restraining Order is necessary to preserve the status quo ante until the Court can conduct a full hearing.

13. Pursuant to Fed. R. Civ. P. 65(b)(1)(B), Plaintiff certifies that he has served Defendants with summons through the U.S. Marshals Service. To the extent notice is incomplete, the risk of irreparable harm justifies issuance of temporary relief pending full hearing.

WHEREFORE

14. Plaintiff respectfully requests that this Court enter a Temporary Restraining Order:

    a. Preserving Plaintiff's full-time enrollment and full academic standing;

b. Restoring Plaintiff's Graduate Research Assistantship, including stipend, tuition remission, and health insurance, as in effect prior to August 2025;

c. Enjoining Defendants from enforcing the August 21–22, 2025 reclassification to "provisional status" or imposing further retaliatory sanctions until the Court makes a ruling on Plaintiff's motion for preliminary injunction; and

d. Setting bond at a nominal amount under Fed. R. Civ. P. 65(c), given Plaintiff's indigent student status.

Respectfully submitted this 8th day of September, 2025.

Ehiremen Bennard Eriakha

Plaintiff, Pro Se

1802 Jackson Avenue West, Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhabernard@gmail.com

Dated: 09/08/2025

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I filed the foregoing Motion with the Clerk of Court.

Ehiremen Bennard Eriakha

Plaintiff, Pro Se

4