# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

Oxford Division

| | | |
|---|---|---|
| Ehiremen Bennard Eriakha | ) | Case No.  3:25-cv-00250 |
| *Plaintiff(s)* | ) | |
| -v- | ) | |
| | ) | |
| University of Mississippi; Dr. Yi Yang; Dr. Marie Barnard; Dr. Annette Kluck; Dr. Yinan Huang | ) ) | |
| | ) | |
| *Defendant(s)* | | |

**Declaration of Ehiremen Bennard Eriakha In Support of Motion for Preliminary Injunction and Temporary Restraining Order**

1

I, Ehiremen Bennard Eriakha, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff in this action. I submit this Declaration in support of my Urgent and Necessitous Motion for Preliminary Injunction and Motion for Temporary Restraining Order.

2. I am an international Ph.D. student in the Department of Pharmacy Administration at the University of Mississippi. Since entering the program in 2023, I have maintained a 4.0 GPA, presented at national conferences, and received multiple academic honors. No academic deficiencies have ever been recorded against me.

3. On July 19, 2024, I executed a signed Mentor–Mentee Agreement (Exhibits A–B), which guaranteed one-on-one developmental mentorship. This agreement was approved by the Department and shaped my academic expectations and obligations.

4. On June 13, 2025, Defendants unilaterally dismantled this agreement, forcing me into involuntary "co-mentorship" and subjecting my research meetings to surveillance. All other students retained single mentors. My written objections were disregarded (Exhibits C–E).

5. On June 30, 2025, I received a memorandum alleging "failure" to submit the Abilities Transcript (AT), a non-disciplinary developmental tool. Defendants threatened to reclassify me to provisional status (Exhibit C). This was a departure from standard practice (Exhibits P–Q).

6. On July 9, 2025, I submitted a written rebuttal contesting the memorandum as retaliatory and procedurally defective (Exhibit D). The University ignored my rebuttal letter.

7. On August 21–22, 2025, I was downgraded to provisional status (Exhibits J–M). Hours later, Defendants used the very downgrade they had imposed to declare me ineligible for Graduate Assistantship reappointment.

8. This circular maneuver placed me in immediate jeopardy of losing lawful F-1 visa status, health insurance coverage, and the ability to continue my doctoral studies. It also constituted constructive expulsion without notice or hearing.

9. Unless the Court intervenes immediately, I will suffer irreparable harm, including:

    a. loss of stipend, tuition remission, and health insurance;

    b. jeopardy to my lawful F-1 immigration status;

    c. constructive expulsion from my doctoral program;

    d. reputational stigma from being downgraded to "provisional status"; and

    e. denial of meaningful access to this Court.

10. I respectfully request that the Court grant a Temporary Restraining Order and Preliminary Injunction to preserve the status quo ante by restoring my academic status to full standing, reinstating my Graduate Research Assistantship, and preventing further retaliatory sanctions during the pendency of this case.

Executed on September 8, 2025, in Oxford, Mississippi.



Ehiremen Bennard Eriakha

Plaintiff, Pro Se

1802 Jackson Avenue West, Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

3

Email: eriakhabernard@gmail.com

Dated: 09/08/2025

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I filed the foregoing Declaration with the Clerk of Court.

_____

Ehiremen Bennard Eriakha

Plaintiff, Pro Se

4