# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

Oxford Division

RECEIVED SEP 18 2025 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| Ehiremen Bennard Eriakha | ) | Case No.  3:25-cv-00250 |
| *Plaintiff(s)* | ) | |
| -v- | ) | |
| | ) | |
| University of Mississippi; Dr. Yi Yang; Dr. Marie Barnard; Dr. Annette Kluck; Dr. Yinan Huang | ) ) | |
| | ) | |
| *Defendant(s)* | | |

# URGENT AND NECESSITOUS RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER

1

## INTRODUCTION AND RELIEF REQUESTED

COMES NOW Plaintiff Ehiremen Bennard Eriakha, appearing pro se and in forma pauperis, and respectfully moves this Court pursuant to *Fed. R. Civ. P. 65(b)* and *L.U. Civ. R. 7* for entry of a Temporary Restraining Order ("TRO") preserving the status quo ante—Plaintiff's full academic standing, Graduate Research Assistantship, and SEVIS-based lawful status—pending this Court's determination of Plaintiff's Renewed Motion for Preliminary Injunction.

This renewed motion cures the deficiencies noted in the Court's prior order by:

- Submitting a Verified Declaration pursuant to *28 U.S.C. § 1746* with *Exhibits A–W*;

- Providing *Rule 65(b)(1)(B)* certification and *Rule 65(a)* notice with **Exhibit X** as proof of mailing; and

- Presenting updated sworn evidence showing Plaintiff's financial stability and SEVIS-based immigration status are in imminent jeopardy.

Defendants have now been served with the summons and complaint (returns executed September 10, 2025), and Plaintiff serves this renewed TRO motion, separately filed supporting Memorandum of Law (*L.U. Civ. R. 7(b)(4)*), and evidentiary Exhibits under *Rule 5*. Plaintiff proceeds on notice pursuant to *Fed. R. Civ. P. 65(a)* and *Rule 5*, and relies on the separately filed Certification under *Fed. R. Civ. P. 65(b)(1)(B)* only in the alternative, should the Court determine that immediate ex parte relief is necessary.

## IMMEDIATE AND IRREPARABLE INJURY

1. Specific facts set forth in the Verified Declaration and attached Exhibits clearly show that Plaintiff faces immediate and irreparable injury, loss, and damage that will occur unless

2

temporary restraining relief is granted to preserve the *status quo ante* until the preliminary injunction motion is determined.

2. As set forth in the Verified Declaration and attached Exhibits, Defendant Dr. Yi Yang, informed Plaintiff by email on August 22, 2025 (**Exhibit L**), that he was "ineligible" for Graduate Assistantship immediately following his downgrade to "provisional status" on August 21–22, 2025 (**Exhibits J–M**).

3. Termination of Plaintiff's assistantship eliminated the funding source listed on his SEVIS Form I-20. Under *8 C.F.R. § 214.2(f)*, maintaining adequate funding and Full-time enrollment is a mandatory condition of lawful F-1 status. This disruption places Plaintiff at imminent risk of being declared out of status and having his SEVIS record terminated unless his standing and funding are promptly restored.

4. As a direct result of Plaintiff's downgrade to "provisional status" and the resulting loss of tuition remission, the Office of the University Bursar issued a Balance Notice for $16,300.69 on September 15, 2025 (**Exhibit V**). If not immediately addressed, this balance will automatically trigger enrollment holds before the next registration period, blocking Plaintiff's ability to register for courses, access transcripts, and perform other essential academic functions. These holds could lead to administrative withdrawal and termination of Plaintiff's SEVIS record, causing irreparable harm to his education and lawful F-1 immigration status unless the *status quo ante* is restored prior to determination of the preliminary injunction motion.

5. Also as a direct result of Plaintiff's downgrade to "provisional status" and the resulting loss of stipend, Plaintiff is now more than one month in arrears on rent and faces imminent eviction proceedings. Plaintiff is also unable to meet basic living expenses, including food and

groceries. These conditions pose an immediate threat to Plaintiff's housing security, physical health, and ability to engage in coursework and research, and they will cause irreparable harm unless the *status quo ante* is restored prior to determination of the preliminary injunction motion.

6. The "provisional status" designation places a lasting negative notation on Plaintiff's academic record, inflicts reputational damage that threatens to impair current and future academic and professional opportunities, and causes escalating psychological distress with each passing day. These harms are ongoing and will continue to compound unless the designation is enjoined and Plaintiff's full standing is restored prior to determination of the preliminary injunction motion.

7. If Plaintiff is forced to leave the United States as a result of losing enrollment and SEVIS status, he will lose standing to pursue this case, be unable to participate in discovery or other proceedings, and face a substantial risk of his claims being declared moot—effectively foreclosing any opportunity for judicial review. This harm is imminent and could occur before Plaintiff's preliminary injunction motion is determined, irreparably depriving him of meaningful access to the courts if not prevented by temporary relief.

## LEGAL STANDARD

Plaintiff incorporates by reference the separately filed Memorandum of Law, which sets forth the governing legal standard under ***Fed. R. Civ. P. 65(b)*** and applies the ***Winter*** factors. As explained therein, Plaintiff has made a clear showing that: (1) he is substantially likely to succeed on the merits, (2) he faces immediate and irreparable harm absent relief, (3) the balance of equities tips sharply in his favor, and (4) a TRO would serve—rather than disserve—the public interest.

## REQUESTED RELIEF

4

Pending this Court's determination of Plaintiff's Renewed Motion for Preliminary Injunction, Plaintiff respectfully requests that this Court, pursuant to *Fed. R. Civ. P. 65(b)*, enter a narrowly tailored Temporary Restraining Order:

1. Directing Defendants to maintain Plaintiff's full-time enrollment, good academic standing, and SEVIS eligibility in order to prevent immediate academic derailment, loss of immigration status, and potential mootness of this case before the preliminary injunction is determined.

2. Directing Defendants to restore and maintain Plaintiff's Graduate Research Assistantship—including stipend, tuition remission, and health insurance—to the status that existed immediately prior to the August 2025 downgrade, pending this Court's determination of Plaintiff's Renewed Motion for Preliminary Injunction. Defendant Dr. Yi Yang expressly stated that Plaintiff became "ineligible" for the assistantship solely because of the downgrade to "provisional status." Accordingly, preserving Plaintiff's Full academic standing under Paragraph 1 eliminates the only stated basis for termination and therefore requires reinstatement of the assistantship to fully restore the *status quo ante.*

3. Enjoining Defendants, pending this Court's determination of Plaintiff's Renewed Motion for Preliminary Injunction, from enforcing the August 2025 downgrade to "provisional status," imposing bursar holds, transcript blocks, or registration restrictions tied to that downgrade, or taking any additional retaliatory or adverse action that would alter Plaintiff's academic or immigration status before the preliminary injunction is determined.

4. Waiving the security requirement pursuant to *Fed. R. Civ. P. 65(c)*, or, alternatively, setting it at a nominal $1.00, in light of Plaintiff's indigency, the urgent nature of the relief sought, the public interest in protecting constitutional and statutory rights, and the equitable purpose of this Temporary Restraining Order.

5

## CERTIFICATE OF SERVICE

Pursuant to *Fed. R. Civ. P. 5(b)(2)(C), Fed. R. Civ. P. 65(b)(1)(B),* and *28 U.S.C. § 1746,* I certify under penalty of perjury that on September 18, 2025, I served a true and correct copy of:

- Urgent and Necessitous Renewed Motion for Temporary Restraining Order (TRO)
- Urgent and Necessitous Renewed Motion for Preliminary Injunction
- Memorandum of Law in Support of Preliminary Injunction
- Declaration of Ehiremen Bennard Eriakha in Support of TRO and Preliminary Injunction
- Notice of Service under *Rule 5* and, in the alternative, Certification under Rule *65(b)(1)(B)*
- Motion for Leave to Exceed Page Limit
- Motion to Waive Security Requirement
- Motion and Notice to Correct the Record
- Declaration in Support of Motion and Notice to Correct the Record
- Verified Pleading Declaration (Verification of Complaint)
- Exhibits A–T, V, W

On the following recipients by **U.S. Mail, first-class, postage prepaid** (service complete upon mailing under *Rule 5(b)(2)(C)*):

**The University of Mississippi and all Official-Capacity Defendants:**

- **Office of General Counsel**

  University of Mississippi,

  209 Lyceum,

  University, MS 38677

**Individual-Capacity Defendants (Campus Office Address):**

- **Dr. Yi Yang**

    Chair, Department of Pharmacy Administration

    University of Mississippi, School of Pharmacy

    232 Faser Hall,

    University, MS 38677

    yiyang@olemiss.edu

- **Dr. Marie Barnard**

    Graduate Program Coordinator, Department of Pharmacy Administration

    University of Mississippi, School of Pharmacy

    234 Faser Hall,

    University, MS 38677

    mbarnard@olemiss.edu

- **Dr. Annette Kluck**

    Dean of the Graduate School

    University of Mississippi, Graduate School

    University, MS 38677

    askluck@olemiss.edu

- **Dr. Yinan Huang**

    Faculty Member, Department of Pharmacy Administration

    University of Mississippi, School of Pharmacy

    235 Faser Hall,

    University, MS 38677

yhuang9@olemiss.edu

**Clerk of Court (for filing in the record):**

- **Clerk of Court**

U.S. District Court, Northern District of Mississippi – Oxford Division

Federal Building, 911 Jackson Avenue East

Oxford, MS 38655

(Clerk's copy includes **Exhibit U** [previously signed and stamped memorandum] and **Exhibit X** [proof of mailing]).

Courtesy copies were also transmitted by email to the above recipients on September 18, 2025.

Executed this 18th day of September, 2025, in Oxford, Mississippi.

*/s/ Ehiremen Bennard Eriakha*

Ehiremen Bennard Eriakha

Plaintiff, Pro Se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhabernard@gmail.com