# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

Oxford Division

| | | |
|---|---|---|
| Ehiremen Bennard Eriakha | ) | Case No. 3:25-cv-00250 |
| *Plaintiff(s)* | ) | |
| -v- | ) | |
| | ) | |
| University of Mississippi; Dr. Yi Yang; Dr. Marie Barnard; Dr. Annette Kluck; Dr. Yinan Huang | ) ) | |
| | ) | |
| *Defendant(s)* | | |

# URGENT AND NECESSITOUS RENEWED MOTION FOR PRELIMINARY INJUNCTION

1

## INTRODUCTION AND RELIEF REQUESTED

COMES NOW Plaintiff Ehiremen Bennard Eriakha, appearing pro se and in forma pauperis, and respectfully moves this Court pursuant to *Fed. R. Civ. P. 65(a)* and *L.U. Civ. R. 7* for entry of a Preliminary Injunction preserving the *status quo ante*—Plaintiff's full academic standing, Graduate Research Assistantship, and SEVIS-based lawful status—pending final adjudication of this case, as Plaintiff satisfies the requirements for preliminary injunctive relief under *Rule 65*.

This renewed motion cures the deficiencies noted in the Court's prior order by:

- Submitting a Verified Declaration pursuant to *28 U.S.C. § 1746* with *Exhibits A–W* attached;

- Providing *Rule 65(b)(1)(B)* certification and *Rule 65(a)* notice with **Exhibit X** as proof of mailing; and

- Presenting updated sworn evidence showing Plaintiff's financial stability and SEVIS-based immigration status are in imminent jeopardy.

Defendants have now been served with the summons and complaint (returns executed September 10, 2025), and Plaintiff serves this renewed Motion for Preliminary Injunction, separately filed supporting Memorandum of Law (*L.U. Civ. R. 7(b)(4)*), and evidentiary Exhibits under *Rule 5*. Plaintiff proceeds on notice pursuant to *Fed. R. Civ. P. 65(a)* and *Rule 5*.

## IMMEDIATE AND IRREPARABLE INJURY

1. The record demonstrates that Plaintiff is likely to suffer imminent and continuing harm that cannot be remedied by monetary damages, including loss of educational and immigration status, housing instability, reputational injury, and impairment of his ability to pursue this litigation, all of which will persist absent entry of preliminary injunctive relief.

2. As set forth in the Verified Declaration and attached Exhibits, Defendant Dr. Yi Yang, Chair of the Department of Pharmacy Administration, informed Plaintiff by email on August 22, 2025 (**Exhibit L**), that he was "ineligible" for Graduate Assistantship immediately following his downgrade to "provisional status" on August 21–22, 2025 (**Exhibits J–M**).

3. Termination of Plaintiff's assistantship eliminated the funding source listed on his SEVIS Form I-20. Under *8 C.F.R. § 214.2(f)*, maintaining adequate funding and Full-time enrollment is a mandatory condition of lawful F-1 status. This disruption places Plaintiff at imminent risk of being declared out of status and having his SEVIS record terminated unless his standing and funding are promptly restored.

4. As a direct result of Plaintiff's downgrade to "provisional status" and the resulting loss of tuition remission, the Office of the University Bursar issued a Balance Notice for $16,300.69 on September 15, 2025 (**Exhibit V**). If left unresolved, this balance will trigger automatic enrollment holds that will block Plaintiff from registering for courses, obtaining transcripts, and completing other critical academic requirements. These holds will ultimately lead to administrative withdrawal, jeopardizing Plaintiff's ability to remain enrolled and maintain lawful F-1 status. The resulting disruption to Plaintiff's education and immigration eligibility constitutes continuing and irreparable harm that will persist throughout this litigation absent injunctive relief.

5. Also as a direct result of Plaintiff's downgrade to "provisional status" and the resulting loss of stipend, Plaintiff is now more than one month in arrears on rent, faces the threat of eviction, and is unable to meet basic living expenses, including food and groceries. These conditions jeopardize Plaintiff's housing stability, physical health, and ability to participate fully in

3

coursework and research. Without preliminary injunctive relief, these harms will continue to compound throughout this litigation and cannot be remedied by monetary damages.

6. The "provisional status" designation places a lasting negative notation on Plaintiff's academic record, inflicts reputational damage that threatens to impair current and future academic and professional opportunities, and causes continuing psychological distress with each passing day. These harms are ongoing and will persist throughout the course of this litigation unless Plaintiff's full standing is restored, and they cannot be remedied by monetary damages.

7. If Plaintiff is forced to leave the United States due to loss of enrollment and SEVIS status, he will lose standing to pursue this case, be unable to participate in discovery or hearings, and face a significant likelihood of his claims being declared moot—effectively depriving him of judicial review. These risks are ongoing and are likely to materialize during the pendency of this litigation absent preliminary injunctive relief.

## LEGAL STANDARD

Plaintiff incorporates by reference the separately filed Memorandum of Law, which sets forth the governing legal standard under *Fed. R. Civ. P. 65(a)* and applies the *Winter* factors. As explained therein, Plaintiff has made a clear showing that: (1) he is substantially likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent relief, (3) the balance of equities tips sharply in his favor, and (4) an injunction would serve—rather than disserve—the public interest.

## REQUESTED RELIEF

Pending final adjudication of this case, Plaintiff respectfully requests that this Court, pursuant to *Fed. R. Civ. P. 65(a)*, enter a narrowly tailored Preliminary Injunction:

4

1. Directing Defendants to maintain Plaintiff's full-time enrollment, good academic standing, and SEVIS eligibility in order to prevent continuing academic derailment, loss of immigration status, and potential mootness of this case during the pendency of this litigation.

2. Directing Defendants to restore and maintain Plaintiff's Graduate Research Assistantship—including stipend, tuition remission, and health insurance—to the status that existed immediately prior to the August 2025 downgrade, pending final adjudication of this case. Defendant Dr. Yi Yang expressly stated that Plaintiff became "ineligible" for the assistantship solely because of the downgrade to "provisional status." Accordingly, preserving Plaintiff's Full academic standing under Paragraph 1 eliminates the only stated basis for termination and therefore requires continued reinstatement of the assistantship to maintain the *status quo ante* throughout the litigation.

3. Enjoining Defendants, pending final adjudication of this case, from enforcing the August 2025 downgrade to "provisional status," imposing bursar holds, transcript blocks, or registration restrictions tied to that downgrade, or taking any additional retaliatory or adverse action that would alter Plaintiff's academic or immigration status during the pendency of this litigation.

4. Waiving the security requirement pursuant to *Fed. R. Civ. P. 65(c)*, or, alternatively, setting it at a nominal $1.00, in light of Plaintiff's indigency, the public interest in protecting constitutional and statutory rights, and the equitable purpose of preliminary injunctive relief.

## CERTIFICATE OF SERVICE

Pursuant to *Fed. R. Civ. P. 5(b)(2)(C), Fed. R. Civ. P. 65(b)(1)(B),* and *28 U.S.C. § 1746*, I certify under penalty of perjury that on September 18, 2025, I served a true and correct copy of:

- Urgent and Necessitous Renewed Motion for Temporary Restraining Order (TRO)
- Urgent and Necessitous Renewed Motion for Preliminary Injunction
- Memorandum of Law in Support of Preliminary Injunction
- Declaration of Ehiremen Bennard Eriakha in Support of TRO and Preliminary Injunction
- Notice of Service under *Rule 5* and, in the alternative, Certification under Rule *65(b)(1)(B)*
- Motion for Leave to Exceed Page Limit
- Motion to Waive Security Requirement
- Motion and Notice to Correct the Record
- Declaration in Support of Motion and Notice to Correct the Record
- Verified Pleading Declaration (Verification of Complaint)
- Exhibits A–T, V, W

On the following recipients by **U.S. Mail, first-class, postage prepaid** (service complete upon mailing under *Rule 5(b)(2)(C)*):

**The University of Mississippi and all Official-Capacity Defendants:**

- **Office of General Counsel**

    University of Mississippi,

    209 Lyceum,

    University, MS 38677

**Individual-Capacity Defendants (Campus Office Address):**

- **Dr. Yi Yang**

    Chair, Department of Pharmacy Administration

    University of Mississippi, School of Pharmacy

    232 Faser Hall,

    University, MS 38677

    yiyang@olemiss.edu

- **Dr. Marie Barnard**

    Graduate Program Coordinator, Department of Pharmacy Administration

    University of Mississippi, School of Pharmacy

    234 Faser Hall,

    University, MS 38677

    mbarnard@olemiss.edu

- **Dr. Annette Kluck**

    Dean of the Graduate School

    University of Mississippi, Graduate School

    University, MS 38677

    askluck@olemiss.edu

- **Dr. Yinan Huang**

    Faculty Member, Department of Pharmacy Administration

    University of Mississippi, School of Pharmacy

    235 Faser Hall,

    University, MS 38677

7

yhuang9@olemiss.edu

**Clerk of Court (for filing in the record):**

- **Clerk of Court**

U.S. District Court, Northern District of Mississippi – Oxford Division

Federal Building, 911 Jackson Avenue East

Oxford, MS 38655

(Clerk's copy includes **Exhibit U** [previously signed and stamped memorandum] and **Exhibit X** [proof of mailing]).

Courtesy copies were also transmitted by email to the above recipients on September 18, 2025.

Executed this 18th day of September, 2025, in Oxford, Mississippi.

_/s/ Ehiremen Bennard Eriakha_

Ehiremen Bennard Eriakha

Plaintiff, Pro Se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhabernard@gmail.com