# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

Oxford Division

RECEIVED
SEP 25 2025
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| Ehiremen Bennard Eriakha | ) | Case No. 3:25-cv-00250 |
| *Plaintiff(s)* | ) | |
| -v- | ) | |
| | ) | |
| University of Mississippi; Dr. Yi Yang; Dr. Marie Barnard; Dr. Annette Kluck; Dr. Yinan Huang | ) | |
| | ) | |
| *Defendant(s)* | | |

**PLAINTIFF'S MOTION TO PRESERVE JURISDICTION AND ADJUDICATE PENDING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

1

Plaintiff respectfully advises the Court that his renewed motion for a temporary restraining order and preliminary injunction is fully briefed and ripe for decision. Plaintiff further requests that the Court retain jurisdiction and adjudicate the motion at the Court's earliest convenience.

1. **Ripeness of the Motion**

Plaintiff's renewed motion for temporary restraining order and preliminary injunction, supported by sworn declaration and exhibits, is fully briefed and ripe for decision. No further submissions are anticipated.

2. **The Only Live Emergency Motion**

No renewed motion for temporary restraining order or preliminary injunction is pending in Case No. **3:25-cv-00226-MPM-JMV**. Accordingly, the only emergency motion presently before either Court is Plaintiff's renewed TRO/PI in this case, which is ripe for prompt adjudication.

3. **Substantial Prejudice**

Defense counsel has circulated a proposed "agreed order" of consolidation. Plaintiff has responded with a Notice of Non-Consent and a Supplemental Notice, explaining that consolidation at this stage would cause substantial prejudice by impeding this Court's ability to independently adjudicate the pending emergency motion. Specifically, consolidation would risk: **(a)** diverting the pending PI away from this Court and depriving Plaintiff of an independent adjudication, **(b)** creating calendaring disruptions and delay, and **(c)** collapsing distinct factual records into a single posture that invites confusion and unfairness.

4. **Legal Standard**

2

Neither *Fed. R. Civ. P. 42* nor the Local Rules require this Court to defer ruling on a ripe emergency motion due to potential consolidation. Consolidation under *Rule 42(a)* is discretionary and requires balancing judicial economy against the risks of prejudice, confusion, and delay. Courts routinely decline consolidation where it would materially prejudice a party's time-sensitive request for injunctive relief, particularly when an emergency motion could be delayed or diverted to a different judge and docket. *Rule 42(b)* further authorizes the Court to segregate injunctive proceedings to "expedite and economize," underscoring that fairness must take precedence over efficiency when irreparable harm is at stake.

## 5. Requested Relief

For these reasons, Plaintiff respectfully requests that this Court:

1. Confirm that it will retain jurisdiction to decide the fully submitted renewed motion for temporary restraining order and preliminary injunction;
2. Promptly adjudicate that motion; and
3. Deny any request to stay or defer consideration of the motion based on anticipated consolidation.

A proposed order is submitted herewith.

Respectfully submitted this 25th day of September, 2025.

Ehiremen Bennard Eriakha

Plaintiff, Pro Se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhabernard@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2025, I delivered the foregoing to the Clerk of Court for filing and served a true and correct copy by email upon:

**Paul B. Watkins, Esq.**

Mayo Mallette PLLC

Email: pwatkins@mayomallette.com

(cc: Brooke Jackson, bjackson@mayomallette.com)

Executed this 25th day of September, 2025, in Oxford, Mississippi.

Ehiremen Bennard Eriakha

Plaintiff, pro se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhabernard@gmail.com

5