IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**EHIREMEN BENNARD ERIAKHA**                                                  **PLAINTIFF**

v.                                                                                    **NO. 3:25-CV-250-DMB-RP**

**UNIVERSITY OF MISSISSIPPI, et al.**                                         **DEFENDANTS**

**DEFENDANTS' BRIEF IN SUPPORT OF RESPONSE
TO MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Ehiremen Bennard Eriakha, a graduate student in the Department of Pharmacy Administration at the University of Mississippi, has sued the University and four of its employees, alleging violations of the First and Fourteenth Amendment, as well as breach of contract. Plaintiff seeks a preliminary injunction instructing the Defendants to remove him from "provisional" enrollment status and to place him into a graduate assistantship. Plaintiff cannot show a substantial likelihood of success on the merits of his claim, and he has failed to demonstrate a threat of irreparable harm. The Court should deny his motion for a preliminary injunction.

**FACTS**

Defendants have detailed the pertinent facts in their Brief in Support of Motion to Dismiss [Doc. 29], at 1-5.[1] In short, Plaintiff was assigned a Department mentor, Defendant

---

[1] The facts as stated in Defendants' Brief in Support of their Motion to Dismiss are based on Plaintiff's Complaint and the documents cited in Plaintiff's Complaint [Doc. 1], which are the same documents referenced in Plaintiff's initial Motion for a Temporary Restraining Order [Doc. 7] and Motion for Preliminary Injunction [Doc. 9]. Plaintiff appears to have attached a combined copy of those same exhibits to the Declaration [Doc. 17] he filed in support of his renewed Motion for a Temporary Restraining Order [Doc. 15] and his renewed Motion for a Preliminary Injunction [Doc. 16]. For ease of reference, Defendants have cited to the individually docketed versions of those documents as they were attached to the original Motion for Preliminary Injunction.

Yinan Huang, in 2024. One purpose of the mentoring relationship was for the mentor and mentee to meet to discuss the mentee's completion of their "Abilities Transcript," a self-assessment tool used by the Department's faculty to measure students' progress. Plaintiff was informed in the summer of 2025 that Dr. Huang would be leaving the University within the year and that Defendant Yi Yang, the Department Chair, would step in as his co-mentor during that transitional period.

Plaintiff, who understood and had expressly acknowledged the importance of completing the Abilities Transcript, refused to accept Dr. Yang as a co-mentor and demanded that any mentorship meetings be held via Zoom instead of in person. Plaintiff was told repeatedly that the Department had the ability to assign new mentors to students and to require in-person meetings. He was told that his failure to timely complete the Abilities Transcript would result in a change of his enrollment status to "provisional" status, and his deadline to complete the assignment was extended multiple times. Students in provisional status are not eligible for graduate assistantships or federal financial aid.

Plaintiff, with full knowledge of the consequences of his actions, refused to meet with his mentors or to complete the Abilities Transcript by the final deadline of August 15, 2025. Dr. Yang notified him shortly thereafter that he was not eligible for a graduate assistantship because of his enrollment status.

Plaintiff sued the University, Dr. Yang, Dr. Huang, and two other faculty administrators. [Doc. 1]. He also filed a Motion for a Temporary Restraining Order [Doc. 7] and a Motion for Preliminary Injunction [Doc. 9], both of which the Court denied because Plaintiff had not notified Defendants of those motions or provided justification for his failure to do so. [Doc. 13]. Plaintiff has now re-filed both motions. [Docs. 15, 16].

**STANDARD**

A preliminary injunction should only be granted where the plaintiff clearly demonstrates: (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the preliminary injunction is not granted, (3) that the threatened harm to him outweighs the harm the preliminary injunction may do to the defendant, (4) granting the preliminary injunction will not disserve the public interest. Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009). A preliminary injunction is an "extraordinary and drastic remedy that should only be granted when the movant has clearly carried the burden of persuasion." *Id*. (*citing Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see also Gales v. Cain*, No. 1:23-cv-00167-TBM-RPM, 2025 U.S. Dist. LEXIS 58555, at *9 (S.D. Miss. Jan. 17, 2025) (*quoting Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 785 (S.D. Miss. 2011)). ("The enormity of the relief is difficult to overstate.").

**ARGUMENT**

1.  ***The Court should decide Defendants' Motion to Dismiss before considering Plaintiff's motions for injunctive relief.***

Defendants have filed a Motion to Dismiss asserting, among other defenses, Eleventh Amendment immunity and qualified immunity. Both defenses provide immunity from the burdens of suit rather than mere liability. *See Melton v. Phillips*, 875 F.3d 256, 265 n. 9 (5th Cir. 2017) ("It is important to consider [qualified immunity] at the earliest possible stage of litigation because qualified immunity is an immunity from suit that is effectively lost if a case is erroneously permitted to go to trial.") (internal quotation omitted); *McCarthy v. Hawkins*, 301 F.3d 407, 415 (5th Cir. 2004) (noting that Eleventh Amendment "confers an immunity from suit") (internal citation omitted).

Courts have also recognized that, even absent such considerations regarding the priority

3

of immunity defenses, considering a motion to dismiss before a motion for preliminary injunction promotes judicial economy and allows for a more orderly and careful determination of the issues. *See Pham v. Univ. of La. at Monroe*, 194 F. Supp. 3d 534, 549 n. 8 (W.D. La. 2016), aff'd *Pham v. Blaylock*, 2017 U.S. App. LEXIS 20275, *11 (5th Cir. Oct. 17, 2017) (noting that grant of dismissal based on qualified immunity required court to disregard evidence adduced at hearing on preliminary injunction); *Arruda & Beaudoin, LLP v. Astrue*, 2011 U.S. Dist. LEXIS 113022, *2 (D. Mass. Sept. 30, 2011) (noting that issues raised in motion to dismiss will necessarily need to be resolved as part of preliminary injunction motion and that deciding motion to dismiss first will advance orderly determination of issues); *Labat-Anderson, Inc. v. United States, 346 F. Supp. 2d 145*, (D.D.C. 2004) ("when presented with a motion for a preliminary injunction and a competing motion to dismiss for lack of jurisdiction, the Court must address the jurisdictional issues first, and may reach the merits of the motion for preliminary injunction only once, and only if, jurisdiction is established."); *Penn. Mun. Auths. Ass'n v. Horinko*, 292 F. Supp. 2d 95, 101 (D.D.C. 2003) ("Plaintiff's preliminary injunction motion does not take priority over defendants' motion to dismiss for lack of jurisdiction.").

Because Defendants have raised jurisdictional and immunity defenses and because their Motion to Dismiss is potentially dispositive, the Court should delay consideration of any motion for injunctive relief until disposition of the Motion to Dismiss.

## 2. *Plaintiff has not demonstrated irreparable harm.*

The "central purpose" of a preliminary injunction "is to prevent irreparable harm. It is the threat of harm that cannot be undone which authorizes exercise of this equitable power to enjoin before the merits are fully determined." *Gift v. Mexico Foods, LLC*, No. 3:22-CV-2656, 2025 U.S. Dist. LEXIS 109591, at *5 (N.D. Tex. June 10, 2025) (*quoting Parks v. Dunlop*, 517 F.2d

4

785, 787 (5th Cir. 1975)). An injury is generally considered irreparable only if it cannot be undone through monetary damages. *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981).

"Although the concept of irreparable injury is incapable of a precise definition, the question of whether a remedy will eventually be available to cure the alleged wrongdoing remains at the heart of the inquiry." *Scott v. S. Elec. Supply Co.*, 2013 U.S. Dist. LEXIS 90571, No. 3:13-CV-119-SA-SAA, 2013 U.S. Dist. LEXIS 90571, at *6-7 (N.D. Miss. June 27, 2013) (*citing Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975)). Moreover, "[l]ost salary and financial distress are typically considered the type of injury that are compensable after a trial on the merits." *Id*. (*citing Dig. Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 781 (N.D. Tex. 2012)); *see also id*. ("As articulated by the United States Supreme Court, mere loss of income and injury to reputation are insufficient grounds to support a finding of irreparable injury.") (*citing Sampson v. Murray*, 415 U.S. 61, 88 (1974)).

Moreover, speculative injury does not suffice to establish irreparable harm. "[T]here must be more than an unfounded fear on the part of the applicant." *Walker v. Epps*, 287 F. App'x 371, 376 (5th Cir. 2008) (*citing United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001)); see also *Coleman v. Lauderdale Cty.*, No. 3:22-cv-00621-TSL-RPM, 2024 U.S. Dist. LEXIS 152708, at *11 (S.D. Miss. July 30, 2024) ("Preliminary injunctive relief cannot be based on 'mere speculation or conclusory allegations of irreparable harm.'") (*quoting Walker v. Hunt*, No. 1:19-cv-00246-LG-RHW, 2019 U.S. Dist. LEXIS 212742, at *2 (S.D. Miss. Oct. 31, 2019)).

Plaintiff's Declaration claims he will be irreparably harmed without a preliminary injunction because: (1) he is at "imminent risk" of losing his legal immigration status, (2) he now owes a balance to the University for tuition, which could result in a "hold" affecting future

5

registration, (3) the loss of his graduate assistantship has caused him financial hardship, (4) he is suffering reputational and psychological harm, and (5) he could be unable to pursue his claims if he is "forced to leave the United States." [Doc. 17], at 4-5. None of these concerns rise to the level of irreparable harm.

The harms Plaintiff anticipates can be broken down into two categories – compensable injuries and speculation about his immigration status. The alleged losses related to Plaintiff's stipend, his purported financial difficulties, and "reputational and psychological harm" would all be compensable after a trial on the merits and cannot support a claim of irreparable harm.

Plaintiff provides no factual support for his claim that he is at "imminent risk" of losing his F-1 status, [Doc. 15-3], or that the termination of that status is "inevitable." [Doc. 23], at 39. He has not alleged that any Defendant intends to take affirmative action to impact his immigration status, and he does not claim that immigration authorities have revoked his legal status or threatened to remove him from the country. Without more, his concerns are pure speculation.[2]

Nor does Plaintiff's legal authority support his claim of irreparable harm. The regulations in his briefing do not appear to address the temporary loss of a graduate assistantship, and they do not provide for an automatic revocation of his legal status. *Id*. at 38 (*citing* 8 C.F.R. 214.2(f)(5), (6), (7)(i)). The cases in his Preliminary Injunction Brief likewise do not support his contention. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (addressing scope of statutory provision regarding stay pending appeal in federal immigration proceedings, holding in that context that "the burden of removal alone cannot constitute the requisite irreparable injury");

---

[2] Plaintiff also claims he would lose "standing" to pursue this action if forced to leave the country, [Doc. 15], at 4; [Doc. 23], at 41 but he cites no authority holding that a resident of another country lacks standing to pursue a claim in the federal court system.

*Texas v. United States*, 809 F.3d 134 (5th Cir. 2015) (affirming preliminary injunction issued in favor of twenty-six states challenging implementation of Deferred Action for Parents of Americans and Lawful Permanent Residents program).[3]

Plaintiff cites several cases in his Preliminary Injunction Brief suggesting that irreparable harm will occur because his education has been "lost" or "indefinitely stalled." Brf., at 35-36 [Doc. 23]. This is not true. Plaintiff is still enrolled in his program of study. He has not alleged he was removed from that program, or even that he faces "a single lost semester." *Id*. at 36. To the contrary, the departmental recommendation to place him on provisional status specifically contemplated that he would continue his studies during the Fall 2025 semester and gave him instructions on how to return to full enrollment status for the following semester. [Doc. 9-11].

Plaintiff has failed to demonstrate a substantial threat that he will suffer irreparable harm without a preliminary injunction, and his Motion should be denied.

3.      *Plaintiff will not succeed on the merits.*

Even if Plaintiff could show a threat of irreparable harm, he would not be entitled to preliminary injunctive relief unless he demonstrated a substantial likelihood of success on the merits of his claims. Plaintiff must show more than a "mere possibility of success" to meet this burden. *Moore v. City of Clarksdale*, No. 4:22-CV-41-DMB-JMV, 2022 U.S. Dist. LEXIS 210423, at *11 (N.D. Miss. Nov. 21, 2022).

Defendants' Motion to Dismiss [Doc. 28] and its associated brief [Doc. 29] explain in detail how Plaintiff's Complaint fails to state a claim. For the same reasons, Plaintiff is not likely to succeed on the merits of his case.

---

[3] Defendants have been unable to locate the other case cited in Plaintiff's brief, *Chavez v. INS*, 783 F.2d 1342 (5th Cir. 1986).

## CONCLUSION

Plaintiff has failed to demonstrate that he faces a threat of irreparable harm or that he has a substantial likelihood of success on the merits of his claim. His Motion for a Preliminary Injunction should be denied.

Respectfully submitted, this the 2nd day of October 2025.

        **UNIVERSITY OF MISSISSIPPI, DR. YI YANG, DR. MARIE BARNARD, DR. ANNETTE KLUCK, AND DR. YINAN HUANG**

        */s/ Paul B. Watkins, Jr.*
        PAUL B. WATKINS, JR. (MB No. 102348)
        *Their Attorney*

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
pwatkins@mayomallette.com

## CERTIFICATE OF SERVICE

    I, Paul B. Watkins, Jr., the attorney for the Defendants, University of Mississippi, Dr. Yi Yang, Dr. Marie Barnard, Dr. Annette Kluck, and Dr. Yinan Huang, do certify that I have electronically filed this document in the ECF system with the Clerk of the Court which sent notification of the filing to all attorneys of record and have forwarded a copy of this document via U.S. Mail to the following:

> Ehiremen Bennard Eriakha
> 1802 Jackson Avenue West, Apt. 83
> Oxford, MS 38655
> 662-281-4676
> PRO SE

    THIS, the 2nd day of October 2025.

*/s/ Paul B. Watkins, Jr.*
PAUL B. WATKINS, JR. (MB NO. 102348)