# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

Oxford Division

RECEIVED
OCT 09 2025
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| Ehiremen Bennard Eriakha | ) | Case No.  3:25-cv-00250 |
| *Plaintiff(s)* | ) | |
| -v- | ) | |
| | ) | |
| University of Mississippi; Dr. Yi Yang; Dr. Marie Barnard; Dr. Annette Kluck; Dr. Yinan Huang | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

**RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

1

## I. INTRODUCTION

Plaintiff respectfully submits that a modest page extension is both warranted and within the Court's broad discretion. This action involves multiple defendants, overlapping factual narratives, and several constitutional and statutory claims—including violations of the *First Amendment, Due Process*, and *Equal Protection Clauses*, as well as related issues under *42 U.S.C. § 1983*. The case also presents an extensive documentary record and a complex procedural posture spanning several months of administrative correspondence and university action.

A limited expansion of the page limit ensures that the memorandum remains coherent, self-contained, and analytically complete, thereby assisting rather than burdening the Court. Defendants' opposition identifies no actual prejudice and instead relies on rhetoric over substance—long on adjectives, short on record engagement.

## II. LEGAL STANDARD

Page limits are intended to promote clarity and judicial economy, not to serve as a punitive constraint. See *Fed. R. Civ. P. 1* (rules must be construed to secure the "just, speedy, and inexpensive determination of every action"). *Local Rule 7(b)(5)* vests the Court with discretion to grant reasonable extensions where case complexity or factual volume so warrants.

Courts routinely allow measured extensions where the record is intricate, the issues interdependent, or multiple parties are involved—precisely the circumstances presented here.

## III. ARGUMENT

### A. The Complexity of the Record Necessitates a Modest Extension

Plaintiff's memorandum synthesizes a multi-month chronology of events involving several University officials, policy documents, and communications forming the evidentiary backbone of his constitutional claims. These issues cannot be meaningfully separated without risking fragmentation or factual omission.

Forcing condensation into the default limit would sacrifice clarity for brevity, leaving the Court to interpret key issues without the full factual and procedural context. The modest extension requested promotes judicial efficiency by consolidating interrelated arguments and exhibits in one comprehensive filing rather than through successive motions or supplements.

### B. Defendants' Opposition Highlights the Very Need for the Requested Pages

Defendants' opposition underscores the necessity of Plaintiff's request. Their filing devotes significant space to conclusory rhetoric and pejorative characterizations—such as describing Plaintiff as "*obstinate*," "*insubordinate*," or acting "*on his own terms*"—while largely sidestepping the documentary record that grounds Plaintiff's claims.

Had Defendants engaged the factual and policy materials with comparable precision, they too might have required additional pages. The contrast is telling: Plaintiff seeks additional space to present a verified, exhibit-supported account; Defendants used theirs to obscure the record through unsupported generalities. The extension therefore advances accuracy and fairness, not excess.

### C. No Prejudice to Defendants; Material Assistance to the Court

Defendants identify no tangible prejudice arising from the requested extension—no disruption of deadlines, no discovery burden, and no procedural disadvantage. The briefing schedule remains intact, and Defendants retain full opportunity to respond.

3

Conversely, denying the extension would impair the Court's ability to assess the claims efficiently by forcing a compressed, incomplete record or subsequent piecemeal filings. In balancing equities, the interest of clarity and completeness plainly outweighs Defendants' tactical objection to a short and reasonable expansion.

### D. The Request Is Narrow, Good-Faith, and Aimed at Judicial Economy

Plaintiff's request is measured and proportionate—limited to the pages necessary to provide a coherent, document-based presentation of facts and law. The objective is not to over-argue, but to avoid redundancy and fragmentation, ensuring that the Court can evaluate all claims in one unified submission.

By granting this request, the Court will facilitate judicial efficiency, minimize the need for supplemental briefing, and ensure that its eventual ruling rests upon a complete and contextually accurate record.

## IV. CONCLUSION

Page limits exist to serve substance, not to suppress it. In a case involving multiple defendants, extensive documentation, and constitutional claims dependent on detailed chronology and motive, a modest page extension serves secure the "*just, speedy, and inexpensive*" resolution envisioned by *Rule 1*.

Defendants' opposition identifies no legitimate prejudice, relies on rhetorical overstatement, and overlooks that the Court's interest in clarity, fairness, and informed adjudication outweighs any tactical desire to constrain the record.

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Deny Defendants' Opposition to the Motion for Leave to Exceed Page Limit;

2. Grant Plaintiff leave and accept the memorandum as filed; and

3. Award such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of October, 2025.

_____

Ehiremen Bennard Eriakha

Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I delivered the foregoing to the Clerk of Court for filing and served a true and correct copy by email upon:

**Paul B. Watkins, Esq.**

Mayo Mallette PLLC

Email: pwatkins@mayomallette.com

(cc: Brooke Jackson, bjackson@mayomallette.com)

Executed this 9th day of October, 2025, in Oxford, Mississippi.

_____

Ehiremen Bennard Eriakha

Plaintiff, pro se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhabernard@gmail.com