# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

Oxford Division

| | | |
|---|---|---|
| Ehiremen Bennard Eriakha | ) | Case No. 3:25-cv-00250 |
| *Plaintiff(s)* | ) | |
| -v- | ) | |
| | ) | |
| University of Mississippi; Dr. Yi Yang; Dr. Marie Barnard; Dr. Annette Kluck; Dr. Yinan Huang | ) ) ) | |
| *Defendant(s)* | | |

**NOTICE OF PROCEDURAL CONCERN**

1

I.     **INTRODUCTION AND PURPOSE OF NOTICE**

COMES NOW Plaintiff, Ehiremen Bennard Eriakha, proceeding pro se, and respectfully submits this Notice of Procedural Concern to preserve the integrity of the record and to bring to the Court's attention a series of extraordinary procedural irregularities attributable to defense conduct that raise substantial questions regarding fairness, transparency, and the orderly administration of justice.

This Notice is filed in good faith and pursuant to the Court's inherent supervisory authority to ensure that all proceedings remain free from tactical manipulation, procedural distortion, or conduct that could compromise the appearance of even-handed process. Plaintiff submits this Notice with the utmost respect for the Court and its integrity, and with full confidence in the Court's commitment to impartiality, transparency, and proper judicial administration.

The concerns set forth herein are directed solely toward the litigation tactics of defense counsel, which—whether by design or by effect—have introduced unnecessary procedural confusion and delay during the pendency of an emergency motion. Plaintiff raises these concerns not as accusation but as a measure to preserve the integrity of the judicial record and to ensure that this matter proceeds on a complete, accurate, and untainted procedural foundation.

The purpose of this filing is preservative rather than adversarial: to safeguard the transparency of these proceedings, to protect the integrity of the Court's process from inadvertent distortion, and to reaffirm Plaintiff's continuing confidence in this Honorable Court's ability to adjudicate all matters before it fairly, efficiently, and without procedural interference.

II.     **PROCEDURAL BACKGROUND AND CONCERNS**

**A. Mischaracterization of Factual Record**

Defendants' filings repeatedly misstate or distort the factual record in ways that risk obscuring the procedural and ethical context of Plaintiff's actions. In their opposition briefs, Defendants substituted rhetorical characterization for evidentiary citation, describing Plaintiff as having *"refused,"* been *"insubordinate,"* acted *"obstinately,"* or proceeded *"on his own terms."* These characterizations lack support in the contemporaneous record, are contradicted by University policy, and are not corroborated by any documented instance of misconduct. As such, they risk misdirecting the Court's understanding of the operative facts.

In contrast, Plaintiff's communications—memorialized in ***Exhibits B through F*** reflect professional, policy-based correspondence addressing issues of procedural fairness, mentoring integrity, and adherence to established University standards. Defendants have not disputed the authenticity of these documents, nor have they identified any portion of them that contravenes institutional policy or professional norms. By recasting Plaintiff's procedural diligence and ethical advocacy as *"obstinate"* or *"insubordination,"* Defendants invert the constitutional and evidentiary posture of the case—risking an adjudication influenced by rhetoric rather than record.

### B. Attempted Informal "Related-Case" Consolidation During a Pending Emergency Motion

On **September 24, 2025**, while Plaintiff's *Urgent and Necessitous Motion for Temporary Restraining Order and Preliminary Injunction*—originally filed on **September 8, 2025**, and refiled on **September 18, 2025**, following a denial without prejudice—remained pending and unresolved, defense counsel transmitted by email a proposed *"related-case"* consolidation order and requested Plaintiff's signature (***Exhibit 01 – Consolidation Attempt***). This proposal was not submitted through a formal filing, motion, or docket entry. Had it been executed, the proposed order would have effectively realigned or reassigned the case from the chief judge outside the ordinary

3

docketing process, while an emergency motion seeking time-sensitive relief was still before the Court.

Although informal, the proposal's timing and procedural posture created the appearance of a tactical attempt to alter jurisdictional alignment during the pendency of an emergency motion. Recognizing the potential implications for judicial continuity, Plaintiff promptly filed notice on the record to preserve jurisdictional clarity and respectfully declined to execute the proposed order.

Shortly thereafter, defense counsel informed Plaintiff that he had contacted chambers directly and would "*submit a response to the urgent and necessitous motion in due course*" (***Exhibit 02 – Defense Counsel's Chambers Call***). While Plaintiff makes no allegation of judicial impropriety, any off-record communication with chambers during the pendency of an emergency motion—particularly when coupled with contemporaneous efforts to effectuate an informal reassignment—creates an appearance that warrants careful attention to protect the transparency of the proceedings.

### C. Tactical Delay Through Sequential and Post Hoc Filings

Following the unsuccessful consolidation attempt, Defendants undertook a sequence of post hoc filings that appear calculated to delay or complicate adjudication of Plaintiff's emergency motion. Nearly two weeks after Plaintiff refiled his *Urgent and Necessitous Motion for Temporary Restraining Order and Preliminary Injunction* on **September 18, 2025**, Defendants submitted a belated "response" on **October 2, 2025**, urging the Court to defer consideration of that motion until after resolution of their newly filed motion to dismiss.

This late submission introduced no new factual developments. Its effect was not to assist the Court's review but to divert attention from a pending emergency motion expressly identified as "*urgent and necessitous.*" The practical result was to prolong Plaintiff's ongoing deprivation of

4

livelihood, academic standing, and lawful immigration status—injuries that *Rule 65* is designed to prevent through prompt and equitable intervention. The delay has also exacerbated Plaintiff's financial and emotional strain, compounding harms that are immediate, continuing, and irreparable.

When viewed in conjunction with the informal "*related-case*" consolidation proposal and off-record chambers communication, this pattern reflects an appearance of tactical delay and procedural maneuvering inconsistent with the duty of candor owed to the Court and with the equitable purpose underlying emergency proceedings. Such conduct—whether deliberate or inadvertent—risks undermining confidence in the orderly administration of justice and impeding the Court's ability to address imminent harm on a clear, untainted record.

### D. Continuing Irreparable Harm from Procedural Delay

The cumulative effect of these procedural delays has been severe, ongoing, and compounding. Plaintiff remains without his Graduate Research Assistantship, tuition remission, and institutional sponsorship—conditions essential not only to his livelihood but also to the maintenance of his lawful F-1 visa status. Each day of inaction exacerbates the injury, producing tangible academic, financial, and legal consequences that no post-hoc remedy could cure.

Out of necessity, Plaintiff and his twin brother have established a verified GoFundMe campaign to obtain minimal support for food, rent, and other basic living expenses during this period of deprivation (available at *https://shorturl.at/Qzkr0*). This step underscores the immediacy and gravity of harm rather than any attempt to solicit advantage—it reflects the reality of subsistence loss directly traceable to Defendants' actions and the ongoing procedural delay.

The Fifth Circuit has long recognized that the continuation of constitutional violations and the deprivation of subsistence constitute irreparable harm per se. ***Opulent Life Church v. City of Holly Springs, 697 F.3d 279, 295 (5th Cir. 2012)***. Here, that harm is magnified by procedural delay itself: every postponed ruling extends the deprivation of livelihood, academic standing, and lawful status, thereby undermining the very purpose of emergency equitable relief under ***Rule 65***.

Plaintiff has acted at all times with transparency, restraint, and procedural propriety, seeking only to preserve his rights and allow the Court a fair opportunity to provide meaningful relief. By contrast, the sequence of irregular and strategically timed filings described above has transformed delay itself into an instrument of continuing harm.

## III. CONCLUSION AND REQUEST FOR CLARIFICATION

Plaintiff respectfully submits this Notice not as an accusation, but as a safeguard—to preserve the integrity of these proceedings and ensure that all adjudicative actions occur transparently, on the record, and under the Court's supervision. The sequence of irregular events described herein—including the informal *"related-case"* proposal during a pending emergency motion, direct contact with chambers, and sequential post hoc filings delaying adjudication—raises serious procedural concerns attributable to defense counsel, not to this Honorable Court.

Plaintiff affirms his full confidence in the Court's impartiality and discretion and submits this Notice solely to protect the fairness and orderly administration of justice. In the interest of procedural clarity and public confidence in these proceedings, Plaintiff respectfully requests that the Court:

1. Reaffirm that all case-related communications and coordination occur exclusively through formal docket filings or duly scheduled proceedings;

6

2. Maintain the current judicial assignment to preserve continuity and avoid jurisdictional ambiguity; and

3. Proceed to adjudicate the pending Motion for Temporary Restraining Order and Preliminary Injunction based on the existing, complete record.

Plaintiff continues to act with candor, diligence, and deference to this Court's authority, seeking not advantage but fairness—a timely and transparent resolution of matters that directly implicate his livelihood, lawful status, and constitutional protections.

Respectfully submitted this 9th day of October, 2025.

_____

Ehiremen Bennard Eriakha

Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I delivered the foregoing to the Clerk of Court for filing and served a true and correct copy by email upon:

**Paul B. Watkins, Esq.**

Mayo Mallette PLLC

Email: pwatkins@mayomallette.com

(cc: Brooke Jackson, bjackson@mayomallette.com)

Executed this 9th day of October, 2025, in Oxford, Mississippi.

/s/ Ehiremen Bennard Eriakha

Ehiremen Bennard Eriakha

Plaintiff, pro se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhabernard@gmail.com