# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

Oxford Division

RECEIVED
OCT 30 2025
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Ehiremen Bennard Eriakha | Case No. 3:25-cv-00250 |
| *Plaintiff* | |
| -v- | |
| University of Mississippi; Dr. Yi Yang; Dr. Marie Barnard; Dr. Annette Kluck; Dr. Yinan Huang | |
| *Defendants* | |

**NOTICE OF PRIOR NON-CONSENT AND PROCEDURAL CLARIFICATION**

**REGARDING DEFENDANTS' MOTION TO CONSOLIDATE CASES**

1

## I. Purpose

1. Plaintiff Ehiremen Bennard Eriakha, proceeding *pro se*, respectfully submits this Notice to reaffirm his previously filed *Notice of Non-Consent to Consolidation* (**Doc. 25**) and to clarify that Defendants' *Motion to Consolidate* Cases (**Doc. 42**) and accompanying *Brief in Support* (**Doc. 43**) rest upon procedural premises that were outdated, inaccurate, and inoperative at the time of filing.

2. This Notice is submitted to ensure that the record accurately reflects Plaintiff's continuing non-consent to consolidation, as well as the existence of active, time-sensitive motions presently pending before this Court, which underscore the distinct procedural posture of this action, and demonstrate that forced consolidation at this stage would risk undue delay, administrative inefficiency, and material prejudice to Plaintiff's pursuit of emergency relief.

## II. Record of Prior Non-Consent and Active Motions

1. On **September 25, 2025**, Plaintiff filed his *Notice of Non-Consent to Consolidation* (**Doc. 25**), expressly withholding consent while his renewed *Motions for Temporary Restraining Order and Preliminary Injunction* (**Docs. 15–16**) were pending and under active consideration by this Court.

2. That same day, Plaintiff filed a *Motion to Preserve Jurisdiction* (**Doc. 26**) and a *Supplemental Notice Regarding Ripeness* (**Doc. 27**), affirming that this Court retained exclusive jurisdiction over the sole active request for emergency injunctive relief pending in either action.

3. These filings placed Defendants on unequivocal notice that any attempt to consolidate the actions during the pendency of Plaintiff's motions risked disrupting the Court's consideration of time-sensitive relief and undermining procedural efficiency, not advancing it.

2

4. Plaintiff also filed a *Notice of Procedural Concern* (**Doc. 39**) documenting defense counsel's prior attempt to effect consolidation through an off-docket "related-case" proposal circulated on **September 24, 2025**, while Plaintiff's fully submitted emergency motion for *temporary restraining order* and *preliminary injunction* was pending before this Court. The filing further identified additional procedural and administrative irregularities implicating principles of fairness, transparency, and the orderly administration of justice.

5. Taken together, these filings establish that Defendants' continued pursuit of consolidation appears grounded less in considerations of judicial efficiency than in a strategic effort to alter the existing judicial assignment and procedural trajectory of this case. Defendants' *Motion to Consolidate* (**Doc. 42**) is predicated on outdated, inaccurate, and inoperative assumptions that had already been overtaken by intervening developments at the time of its filing.

### III. Procedural Clarification

1. At the time Defendants filed their *Motion to Consolidate* on **October 22, 2025**, this case remained formally stayed, with multiple live motions pending before this court, including Plaintiff's *renewed Motions for Temporary Restraining Order and Preliminary Injunction* (**Docs. 15–16**), his *Motion to Preserve Jurisdiction* (**Doc. 26**), and Defendants' *Motion to Dismiss* (**Doc. 28**).

2. In contrast, the related action, ***Omokhodion Alfred Eriakha v. University of Mississippi et al., No. 3:25-cv-00226-MPM-JMV***, was no longer stayed. Earlier that same day, Judge Mills entered an order lifting the stay and dismissing Defendants' *Rule 12(b) motion* as moot (**Doc. 27** in that docket).

3

3. Defendants nevertheless represented that *"each case is stayed and at similar levels of trial preparedness."* That representation was inaccurate at the time of filing and failed to reflect the actual and materially divergent procedural posture of the two actions.

4. Under ***Fed. R. Civ. P. 42(a)***, consolidation is a discretionary mechanism available when related actions before the court involve a common question of law or fact. The rule operates within the bounds of judicial efficiency and fairness and presumes that the actions are concurrently active and in comparable procedural posture.

5. Defendants' *Motion to Consolidate* (***Doc. 42***) rests on an inaccurate procedural foundation and improperly encroaches upon this Court's ongoing jurisdiction over Plaintiff's pending motions for injunctive relief. The motion is predicated on an assumed procedural parity between the cases that did not, in fact, exist at the time of filing.

### IV. Continuing Prejudice and Clarification of Record

1. Plaintiff's prior filings (***Docs. 25–27, 39***) expressly noted that consolidation could delay or divert adjudication of his pending emergency motions, conflate distinct factual records, and impair the Court's ability to issue timely and case-specific relief.

2. Those concerns remain well-founded. The cases are proceeding on divergent procedural tracks, arise from entirely distinct nuclei of operative fact, and involve separate factual records, legal claims, institutional actors, and transactional contexts. Accordingly, the two matters are both procedurally and substantively divergent, and are not—nor have they ever been—situated in comparable procedural posture.

3. Consolidating the cases at this stage would risk significant prejudice and confusion—precisely the harms that ***Rule 42(a)*** is intended to prevent. The rule does not permit perceived

4

administrative efficiency to override fundamental principles of fairness, particularly where claims of irreparable harm are pending. To the contrary, **Rule 42(b)** expressly authorizes the separation of proceedings where necessary to expedite resolution and promote judicial economy.

4. Accordingly, Defendants' *Motion to Consolidate* (**Doc. 42**) and accompanying *Brief in Support* (**Doc. 43**) are procedurally inapposite and warrant no further action by the Court.

## V. Conclusion

1. Plaintiff's prior non-consent to consolidation remains operative. The record reflects that this action involves active, time-sensitive motions and that Defendants' *Motion to Consolidate* (**Doc. 42**) was filed on an inaccurate and now inoperative procedural premise.

2. Plaintiff respectfully submits this Notice to ensure the accuracy of the procedural record and to clarify that no further consideration of the consolidation motion is necessary under the present circumstances.

Respectfully submitted this 30th day of October, 2025.



Ehiremen Bennard Eriakha

Plaintiff, Pro Se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhabernard@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2025, I delivered the foregoing to the Clerk of Court for filing and served a true and correct copy by email upon:

**Paul B. Watkins, Esq.**

Mayo Mallette PLLC

Email: pwatkins@mayomallette.com

(cc: Brooke Jackson, bjackson@mayomallette.com)

---

Executed this 30th day of October, 2025, in Oxford, Mississippi.

Ehiremen Bennard Eriakha

Plaintiff, pro se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhab@gmail.com