# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

Oxford Division

**RECEIVED**

**NOV 03 2025**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| Ehiremen Bennard Eriakha | | Case No. 3:25-cv-00250 |
| *Plaintiff* | ) | |
| -v- | ) | |
| | ) | |
| | ) | |
| University of Mississippi; Dr. Yi Yang; Dr. | ) | |
| Marie Barnard; Dr. Annette Kluck; Dr. Yinan | ) | |
| Huang | ) | |
| *Defendants* | | |

**MOTION TO EXPEDITE RULING ON PENDING URGENT MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

1

Plaintiff Ehiremen Bennard Eriakha, proceeding *pro se*, respectfully moves the Court to expedite consideration and ruling on his pending *Renewed Motion for Temporary Restraining Order and Preliminary Injunction* (***Docs. 15 & 16***), together with the accompanying *Memorandum of Law* (***Doc. 23***), *Reply in Support* (***Doc. 37***), and *Supplemental Notice of Continuing and Escalating Irreparable Harm* (***Doc. 41***).

This request is made pursuant to ***Fed. R. Civ. P. 1, 6(b),*** and ***65, 28 U.S.C. § 1657(a),*** and ***L.U. Civ. R. 7(b)(8)*** ("*Urgent and Necessitous Motions*"), and seeks no new relief, but prompt judicial attention to a fully briefed and time-sensitive motion whose efficacy depends upon timely resolution under ***Rule 65***.

## I. Procedural Background

1. On **September 18, 2025**, Plaintiff filed his *Renewed Motion for Temporary Restraining Order and Preliminary Injunction* (***Docs. 15 & 16***), expressly styled "*URGENT AND NECESSITOUS*" pursuant to ***L.U. Civ. R. 7(b)(8)*** and supported by *verified declarations* and a ***Rule 65(b)(1)(B) certification of notice***. Plaintiff subsequently filed a *Memorandum of Law* (***Doc. 23***), *Consolidated Reply* (***Doc. 37***), and *Supplemental Notice of Continuing and Escalating Irreparable Harm* (***Doc. 41***), thereby completing the record. The motion is fully briefed, procedurally ripe, and presents no further issues requiring supplementation before disposition.

2. On **October 2, 2025**, the Magistrate Judge entered a *Stay Order* (***Doc. 30***). Plaintiff respectfully notes that, under ***Fed. R. Civ. P. 65*** and ***L.U. Civ. R. 72(d)***, adjudication of motions for temporary or preliminary injunctive relief lies within the authority of the District Judge. Plaintiff therefore seeks clarification that the stay does not suspend or defer consideration of

2

the pending urgent motion, which was filed pursuant to **Rule 65** and expressly styled as "*Urgent and Necessitous*" under **L.U. Civ. R. 7(b)(8)**.

3. More than six weeks have elapsed since Plaintiff filed his *Renewed Motion for Temporary Restraining Order and Preliminary Injunction* (**Docs. 15 & 16**). Plaintiff now submits this narrowly tailored motion to ensure the just, speedy, and inexpensive determination of time-sensitive equitable relief under **Fed. R. Civ. P. 1**. The underlying motion is fully briefed, supported by verified declarations, and ripe for decision. Each day of inaction compounds the irreparable harms that **Rule 65** exists to prevent and risks rendering the requested relief ineffectual.

## II. Legal Basis for Expedited Consideration

1. **Federal Rule of Civil Procedure 65(b)** authorizes the Court to issue temporary injunctive relief where "*immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition.*" The Rule's purpose is to preserve the status quo and prevent imminent harm that cannot be remedied through ordinary legal process before the Court has an opportunity to adjudicate the merits.

2. **Federal Rule of Civil Procedure 6(b)** vests the Court with discretion to shorten time for good cause shown, and **Rule 1** directs that the Rules be construed and administered to secure the "*just, speedy, and inexpensive determination*" of every action. Read together, these provisions embody the judiciary's equitable obligation to act promptly when the effectiveness of requested relief depends upon timing, particularly in matters arising under **Rule 65** where delay itself may defeat the purpose of equitable intervention.

3. *Local Uniform Civil Rule 7(b)(8)* provides that motions styled as "*URGENT AND NECESSITOUS*" must be promptly presented for judicial consideration. The Rule ensures that matters alleging immediate or irreparable harm receive expedited attention consistent with the equitable principles governing injunctive relief and the Court's duty to preserve the effectiveness of time-sensitive remedies.

4. The Fifth Circuit has long recognized that delay itself may constitute irreparable injury. ***Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C., 710 F.3d 579, 585 (5th Cir. 2013)*** (*"the passage of time itself may constitute irreparable injury"*). This principle underscores that the equitable purpose of *Rule 65* can be defeated where time-sensitive motions remain pending without timely adjudication.

### III. Nature of the Irreparable Harm

1. As detailed in Plaintiff's verified submissions, the continued loss of his Graduate Research Assistantship, tuition remission, and academic standing has resulted in compounding, non-compensable injuries, including:

    i) Loss of food and housing security;

    ii) Escalating rent litigation in Lafayette County Court (*Ex. 4 to Doc. 41*);

    iii) Bursar and registrar financial holds preventing course registration and access to academic records (*Ex. 3 to Doc. 41*), thereby impairing continuous enrollment; and

    iv) Imminent jeopardy to Plaintiff's F-1 student visa status, which depends upon continued funding and full-time enrollment.

2. These injuries are ongoing, non-compensable, and intensify with each day the motion remains unresolved. The loss of subsistence, continuous enrollment, and lawful immigration status are

4

deprivations that cannot be remedied by monetary damages or post-hoc judicial review, and therefore warrant immediate equitable protection under **Rule 65**.

3. Because the efficacy of equitable relief is inseparable from timing, each day without a ruling compounds the irreparable injury that **Rule 65** is designed to prevent and risks rendering the requested remedy ineffectual. Plaintiff submits this motion with full respect for the Court's docket; however, *28 U.S.C. § 1657(a)* provides that actions seeking temporary or preliminary injunctive relief are entitled to expedited consideration. Accordingly, prompt adjudication is both equitable in principle and favored by statute.

## IV. Relief Requested

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Clarify that the **October 2, 2025** Stay Order does not preclude or suspend District Judge adjudication of Plaintiff's pending *Renewed Motion for Temporary Restraining Order and Preliminary Injunction* (**Docs. 15 & 16**);

2. Pursuant to *28 U.S.C. § 1657(a)*, **Fed. R. Civ. P. 1, 6(b)**, and **65(b)**, and **L.U. Civ. R. 7(b)(8)**, expedite consideration and ruling on the fully briefed *Renewed Motion for Temporary Restraining Order and Preliminary Injunction*, supported by *verified declarations* and *exhibits*; and

3. Grant such other and further relief as the Court deems just and proper to prevent continuing irreparable harm and to secure the just, speedy, and inexpensive determination of this action.

Respectfully submitted this 3rd day of November, 2025.

5



Ehiremen Bennard Eriakha

Plaintiff, Pro Se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhabernard@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, I delivered the foregoing to the Clerk of Court for filing and served a true and correct copy by email upon:

**Paul B. Watkins, Esq.**

Mayo Mallette PLLC

Email: pwatkins@mayomallette.com

(cc: Brooke Jackson, bjackson@mayomallette.com)

Executed this 3rd day of November, 2025, in Oxford, Mississippi.

Ehiremen Bennard Eriakha

Plaintiff, pro se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhab@gmail.com