**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

| | |
|---|---|
| **OMOKHODION ALFRED ERIAKHA** | **PLAINTIFF** |
| v. | **NO. 3:25-cv-226-MPM-JMV** |
| **UNIVERSITY OF MISSISSIPPI, et al.** | **DEFENDANTS** |

**AND**

| | |
|---|---|
| **EHIREMEN BENNARD ERIAKHA** | **PLAINTIFF** |
| v. | **NO. 3:25-cv-250-DMB-RP** |
| **UNIVERSITY OF MISSISSIPPI, et al.** | **DEFENDANTS** |

## **DEFENDANTS' REBUTTAL IN SUPPORT OF MOTION TO CONSOLIDATE**

Plaintiff Omokhodion Alfred Eriakha ("Alfred") has filed a "Notice of Administrative Mootness and Procedural Clarification Regarding Defendants' Motion to Consolidate Cases" in the 226 Action [Doc. 34], and Plaintiff Ehiremen Bennard Eriakha ("Bennard") has filed a "Notice of Prior Non-Consent and Procedural Clarification Regarding Defendants' Motion to Consolidate Cases" in the 250 Action [Doc. 45]. Both documents oppose Defendants' Motion to Consolidate, and Defendants respectfully submit the following Rebuttal in support of that Motion:

1. Alfred's response in the 226 Action and Bennard's response in the 250 Action both argue that consolidation is unwarranted because the Court previously lifted the stay of discovery that was in place pending the Court's resolution of Defendants' Motion to Dismiss in the 226 Action. Because that stay was lifted, the argument goes, the two actions were not in the same procedural posture as Defendants argued in their Motion to Consolidate.

2. It is correct that, after Alfred amended his Complaint in the 226 Action, the Court

issued an order lifting the stay of discovery in that case and dismissing Defendants' Motion to Dismiss without prejudice on October 22, 2025. *See* Order [Doc. 27]. That Order was issued approximately twenty-three minutes before Defendants filed their Motion to Consolidate, and undersigned counsel had not yet seen the Order at the time the Motion to Consolidate was filed.

3. When the Motion to Consolidate was filed, no discovery had been conducted in either matter. No Initial Order had been entered, much less a Case Management Order, in either action. No hearings had been set in either matter. The same remains true now. Both cases were, and are, at the same level of preparedness for trial – that is, neither case is remotely prepared for trial.

4. The 226 Defendants filed a Motion to Dismiss Alfred's Amended Complaint on October 29, 2025, which raised many of the same jurisdictional and immunity defenses they had previously raised in their Motion to Dismiss the original Complaint. *See* Mot. to Dismiss. [Doc. 31]. Pursual to Local Rule 16(b)(3), the Court stayed discovery in the 226 Action on October 30, 2025. *See* Order [Doc. 33]. That stay order was issued approximately two hours before Alfred and Bennard filed their Responses to the Motion to Consolidate.

5. As discovery remains stayed in the 250 Matter pending resolution of the 250 Defendants' Motion to Dismiss, *see* Order [Doc. 30], the Court has again stayed both matters pending resolution of the Defendants' respective Motions to Dismiss. Consolidation will not work an undue advantage on any party.

6. Bennard's response to the Motion to Consolidate also argues that "consolidation could delay or divert adjudication of his pending emergency motions, conflate distinct factual records, and impair the Court's ability to issue timely and case-specific relief." [250 Action Doc. 45], at 4. However, he does not explain *how* the Court's ability to dispose of his Motion for a

2

Temporary Restraining Order and Motion for Preliminary Injunction, both of which are fully briefed for the Court's consideration, would be affected by consolidation.

7. Bennard further argues that "[t]he cases are proceeding on divergent procedural tracks, arise from entirely distinct nuclei of operative fact, and involve separate factual records, legal claims, institutional actors, and transactional contexts" and that "the two matters are both procedurally and substantively divergent, and are not – nor have they ever been – situated in comparable procedural posture." *Id*. at 4. He fails to explain *why* these matters lack sufficient commonality to justify consolidation, and he does not directly respond to any of the arguments raised in Defendants' Motion or the accompanying briefing. For all those reasons, consolidation is appropriate.

## CONCLUSION

Plaintiffs have failed to meaningfully respond to the arguments raised in the Motion to Consolidate. Defendants respectfully request the Court to consolidate these matters for all purposes.

Respectfully submitted, this the 6th day of November 2025.

**THE UNIVERSITY OF MISSISSIPPI, DR. YI YANG, DR. MARIE BARNARD, DR. ERIN HOLMES, DR. MEAGAN ROSENTHAL, DR. ANNETTE KLUCK, AND DR. JENNIFER SIMMONS**

**and**

**THE UNIVERSITY OF MISSISSIPPI, DR. YI YANG, DR. MARIE BARNARD, DR. ANNETTE KLUCK, AND DR. YINAN HUANG**

*/s/ Paul B. Watkins, Jr.*
PAUL B. WATKINS, JR. (MB No. 102348)
*Their Attorney*

3

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
*pwatkins@mayomallette.com*

**CERTIFICATE OF SERVICE**

    I, Paul B. Watkins, Jr., the attorney for the Defendants, University of Mississippi, Dr. Yi Yang, Dr. Marie Barnard, Dr. Erin Holmes, Dr. Meagan Rosenthal, Dr. Annette Kluck, Dr. Jennifer Simmons, and Dr. Yinan Huang, do certify that I have electronically filed this document in the ECF system with the Clerk of the Court which sent notification of the filing to all attorneys of record and have forwarded a copy of this document to:

> Omokhodion Alfred Eriakha
> 1802 Jackson Avenue West, Apt. 83
> Oxford, MS 38655
> 662-281-4676
> PRO SE
> *Via U.S. Mail*

> Ehiremen Bennard Eriakha
> 1802 Jackson Avenue West, Apt. 83
> Oxford, MS 38655
> 662-281-4676
> PRO SE
> *Via U.S. Mail*

    THIS, the 6th day of November 2025.

                                           */s/ Paul B. Watkins, Jr.*
                                           PAUL B. WATKINS, JR. (MB NO. 102348)